Colonial Funding Network, Inc. v Finley (2023 NY Slip Op 05980)

Colonial Funding Network, Inc. v Finley

2023 NY Slip Op 05980

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Webber, J.P., Singh, Friedman, Mendez, Rosado, JJ. 

Index No. 653591/16 Appeal No. 1082-1083 Case No. 2022-02556, 2022-02557 

[*1]Colonial Funding Network, Inc., etc., Plaintiff-Respondent,
v
Anne Finley Also Known as Anne Finley-Kristof, Defendant-Appellant, Long Island Hospitality Management, Inc. Doing Business as Shipwreck Tavern, Defendant. 

Lester Korinman Kamran & Masini, P.C., Garden City (Gabriel R. Korinman of counsel), for appellant.
Windels Marx Lane & Mittendorf, LLP, New York (Robert J. Malatak of counsel), for respondent.

Order, Supreme Court, New York County (Nancy Bannon, J.), entered April 28, 2022, which denied defendant's motion to vacate and enjoin enforcement of prior contempt orders, same court and justice, dated July 15, 2020 and October 27, 2020, unanimously reversed, on the law, with costs, defendant's motion granted, and the prior contempt orders vacated. Order, same court and justice, entered April 28, 2022, which granted plaintiff's motion for attorneys' fees and costs incurred in enforcing the judgment, unanimously reversed, on the law, with costs, and the motion denied.
The July 15, 2020 order was brought on by order to show cause, which Supreme Court signed on March 16, 2020. This order to show cause required service by overnight express mail. Defendant did not oppose the motion. On July 15, 2020, Supreme Court granted this motion, ordering defendant to respond to plaintiff's information subpoena within thirty days of service of the notice of entry. Defendant failed to do so. On September 11, 2020, plaintiff moved for an order declaring that defendant was guilty of contempt of court. This motion was granted on October 27, 2020.
Despite the express provision requiring overnight express service, in the March 16, 2020, order to show cause, plaintiff served the order to show cause and related papers by Priority Mail, which only guarantees delivery in one to three days. Failure to comply strictly with the service provision of the order to show cause deprived the court of jurisdiction to hear the motion (Matter of Ruine v Hines, 57 AD3d 369, 370 [1st Dept 2008]). Therefore, the resulting July 15, 2020 order should be vacated. Because the order was null and void, defendant could not be held in contempt for failing to obey it. The October 27, 2020 order, which found defendant guilty of contempt, and the accompanying warrant of arrest are likewise invalid. We note that the record shows defendants have since satisfied the judgment.
We do not consider plaintiff's argument, raised for the first time on appeal, that the motion to vacate was untimely. The resolution of that issue would entail a factual showing by defendant as to good cause why the motion was made outside the one-year period prescribed in CPLR 5015. Thus, it would be inappropriate to consider it for the first time here (cf. Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]).
Supreme Court should not have granted plaintiff's motion for attorneys' fees. Because defendant was not properly held in contempt, attorneys' fees could not be awarded as a fine for contempt under Judiciary Law § 773. Even if attorneys' fees had been available as a matter of contract law, plaintiff explicitly waived "its right to collect attorneys' fees in this action" in its affidavit of noncompliance.
We have considered plaintiffs' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: November 21, 2023